FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2014 FEB -7 P 3: 52
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

MICHAEL CRAIG LEE,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　Plaintiff,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　　) CIVIL ACTION NO.: CV513-005
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
CAROLYN W. COLVIN, Acting　　　　　　)
Commissioner of Social Security,　　)
　　　　　　　　　　　　　　　　　　　)
　　　　Defendant.　　　　　　　　　　)

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff contests the decision of Administrative Law Judge Donald B. Fishman ("the ALJ") denying his claim for period of disability and disability insurance benefits. Plaintiff urges the Court to reverse the ALJ's decision and award benefits or remand to the AJL to make findings incorporating all of his impairments. Defendant asserts the Commissioner's decision should be affirmed.

Plaintiff filed a Title II application for a period of disability and disability insurance benefits and a Title XVI application for supplemental security income on June 20, 2005, alleging that he became disabled on January 17, 2004, primarily due to a fire and explosion which resulted in the inhalation of Freon that led to severe breathing disorders and memory problems. (Doc. 13-2, p. 12; Doc. 20, p. 4). In addition, Plaintiff asserts

that he has been diagnosed with reactive airways dysfunction syndrome, chronic bronchitis, and dyspnea and suffers from hemoptysis, all of which have led to memory problems and other mental deficits. (Doc. 20, pp. 4-5). Plaintiff also claims to suffer from severe back problems including: a small posterior central herniated disc, slight posterior bulging of a disc, and a small left posterior lateral herniated disc. Id. at 5. The claims were initially denied March 15, 2006, and upon reconsideration on October 19, 2006. (Doc. 13-2, p. 12). Plaintiff filed a timely written request for hearing, which was held October 9, 2007. Id. The ALJ's March 14, 2008, decision found that Plaintiff was not disabled within the meaning of the Social Security Act. Id. at 19. The Appeals Council denied review on August 28, 2008. (Doc. 20, p. 2). This Court remanded the decision to the Commissioner pursuant to sentence four of section 405(g) of the Social Security Act. (Doc. 14-3, p.1). On June 15, 2011, the ALJ conducted a video hearing at which Plaintiff, who was represented by counsel, appeared and testified. (Doc. 14-2, p. 19). The ALJ's October 31, 2011, decision found that based on the application for a period of disability and disability insurance benefits, Plaintiff was not disabled within the meaning of the Act. Id. at 26. The Appeals Council denied Plaintiff's request for review of the ALJ's decision, and the decision of the ALJ became the final decision of the Commissioner for judicial review. Id. at 2.

Plaintiff, born on July 8, 1963, was forty-eight (48) years old when the ALJ issued his final decision. He is a high school graduate and has vocational training in heating, ventilation, and air-conditioning refrigeration technology. (Doc. 20, pp. 3-4). Plaintiff's past relevant work experience includes: running his own heating and air-conditioning repair business; industrial refrigeration maintenance at Kenosha Beef, Inc.;

supervising maintenance of the refrigeration units at Lee Meats, Inc.; and high-voltage power line construction at Sumter Builders, Inc. Id. at 4.

## ALJ'S FINDINGS

Pursuant to the Act, the Commissioner has established a five-step process to determine whether a person is disabled. 20 C.F.R. §§ 404.1520 and 416.920; Bowen v. Yuckert, 482 U.S. 137, 140 (1987). The first step determines if the claimant is engaged in "substantial gainful activity." Yuckert, 482 U.S. at 140. If the claimant is engaged in substantial gainful activity, then benefits are immediately denied. Id. If the claimant is not engaged in such activity, then the second inquiry is whether the claimant has a medically severe impairment or combination of impairments. Id. at 140-41. If the claimant's impairment or combination of impairments is severe, then the evaluation proceeds to step three. The third step requires a determination of whether the claimant's impairment meets or equals one of the impairments listed in the Code of Federal Regulations and acknowledged by the Commissioner as sufficiently severe to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d) and 416.920(d); 20 C.F.R. Pt. 404, Subpt. P. App. 1; Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004). If the impairment meets or equals one of the listed impairments, the plaintiff is presumed disabled. Yuckert, 482 U.S. at 141. If the impairment does not meet or equal one of the listed impairments, the sequential evaluation proceeds to the fourth step to determine if the impairment precludes the claimant from performing past relevant work. Id. If the claimant is unable to perform his past relevant work, the final step of the evaluation process determines whether he is able to make adjustments to other work in the national economy, considering his age, education, and work experience. Phillips,

AO 72A
(Rev. 8/82)

357 F.3d at 1239. Disability benefits will be awarded only if the claimant is unable to perform other work. Yuckert, 482 U.S. at 142.

In the instant case, the ALJ followed this sequential process to determine that Plaintiff had not engaged in substantial gainful activity during the period from his alleged onset date of January 7, 2004, through his date last insured, December 31, 2005. (Doc. 14-2, p. 21). At step two, the ALJ determined that Plaintiff had reactive airway dysfunction syndrome-possible chronic obstructive pulmonary disease (COPD), and degenerative disc disease of the cervical lumbar spine. Id. at 22. These impairments are considered "severe" under the Regulations. However, the ALJ determined that Plaintiff's medically determinable impairments did not meet or medically equal the severity of a listed impairment. Id. at 23. The ALJ found that Plaintiff had the residual functional capacity, through the date last insured, to perform work with the following limitations: repetitive short cycle tasks which required lifting/carrying no more than twenty pounds occasionally and ten pounds frequently in an eight-hour workday; sitting no more than one to two hours continuously for a total of eight hours; walking no more than one block at a time or standing longer than 30 minutes continuously; no climbing of ladders, ropes, scaffolds; and no concentrated exposure to airborne particulates (including dust) or temperature extremes, humidity, or open flames due to use of oxygen tank. Id. At the next step, the ALJ determined that Plaintiff was unable to perform his past relevant work as a truck driver, meat boner (running the boning line as indicated in Doc. 14-2, p. 52), heating and air-conditioning installation, and remodeling and construction. Id. at 24. However, at the fifth and final step, the ALJ determined that, considering Plaintiff's age, education, work experience, and residual functional

capacity, there are jobs which exist in significant numbers in the national economy that he can perform. Id. at 25.

## ISSUE PRESENTED

Plaintiff contends that the ALJ erred: (1) by improperly disregarding the opinions of Bhavdipkumar G. Patel, M.D. ("Dr. Patel"), who was Plaintiff's primary treating physician and a specialist; and (2) in not considering the effects Plaintiff's other impairments, especially his mental impairments, had on his ability to work.

## STANDARD OF REVIEW

It is well-established that judicial review of social security cases is limited to questions of whether the Commissioner's factual findings are supported by "substantial evidence," and whether the Commissioner has applied appropriate legal standards. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). A reviewing court does not "decide facts anew, reweigh the evidence or substitute" its judgment for that of the Commissioner. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). Even if the evidence preponderates against the Commissioner's factual findings, the court must affirm a decision supported by substantial evidence. Id.

However, substantial evidence must do more than create a suspicion of the existence of the fact to be proved. The evidence relied upon must be relevant evidence which a reasonable mind would find adequate to support a conclusion. Walden v. Schweiker, 672 F.2d 835, 838-39 (11th Cir. 1982). The substantial evidence standard requires more than a scintilla but less than a preponderance of evidence. Dyer, 395 F.3d at 1210. In its review, the court must also determine whether the ALJ or

5

AO 72A
(Rev. 8/82)

Commissioner applied appropriate legal standards. Failure to delineate and apply the appropriate standards mandates that the findings be vacated and remanded for clarification. Cornelius, 936 F.2d at 1146.

## DISCUSSION AND CITATION TO AUTHORITY

**I.     Plaintiff's assertion that the ALJ erred by disregarding the opinions of Dr. Patel, who was Plaintiff's primary treating physician and a specialist.**

Plaintiff asserts that the ALJ erred by not assigning the appropriate weight to the opinions of Dr. Patel, a physician who treated Plaintiff for three years. Plaintiff states that Dr. Patel concluded, in his impression dated August 4, 2004, that Plaintiff: had disabling symptoms over seven months; was short of breath and could not do mild exertional activity; reported dyspnea on exertion to fifty feet; lots of coughing and wheezing; and awakes four to five times a night. (Doc. 20, p. 6). It was Dr. Patel's opinion that Plaintiff, as a result of the smoke inhalation incident, had classical presentation compatible with reactive airway dysfunction syndrome. Id. His later impressions expressed opinions that Plaintiff had: a clinical history for reactive airway dysfunction syndrome with debilitating symptoms; chronic respiratory failure precipitated by reactive airway dysfunction syndrome; chronic bronchitis, dyspnea, coughing and wheezing. Id. at 7-8. Dr. Patel later opined that it was unlikely that Plaintiff had asthma and/or chronic bronchitis, but it was possible, and he may have developed chronic respiratory failure due to smoke inhalation. Id. at 8. On October 17, 2007, Dr. Patel stated that Plaintiff had severe chronic respiratory failure and severe chronic obstructive pulmonary disease, was unable to ambulate or do any exertional activities minimal or otherwise without dyspnea, required use of oxygen twenty-four hours a day, has had hemoptysis and was diagnosed with sleep apnea. Id. at 8-9.

The ALJ stated that Plaintiff's impairments would reasonably be expected to produce the alleged symptoms, but Plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms were not fully credible. Id. at 9. The ALJ further noted that there were no objective facts to support the physician's opinion that Plaintiff could not perform work activities at the level indicated in the residual functional capacity assessment before the date last insured. Id. at 10. The ALJ found this opinion not supported because almost all testing was negative, except one that was not diagnostic due to an inability to complete the test, he requested oxygen when his test were unremarkable that day, and Plaintiff brought the tank to the hearing and testified without a problem. Id. at 10-11.

"Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [the claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178-79 (11th Cir. 2011) (alteration in original) (quoting 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2)). "The law of this circuit is clear that the testimony of a treating physician must be given substantial or considerable weight unless 'good cause' is shown to the contrary." Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997) (citations omitted).

"Good cause exists 'when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records.'" Winschel, 631 F.3d at 1179 (quoting Phillips, 357 F.3d at 1241). "The ALJ has wide

AO 72A
(Rev. 8/82)

latitude to determine what weight to assign to those opinions, so long as he operates within the regulatory and judicial frameworks." Zanders v. Colvin, No. CV412-182, 2013 WL 4077456, at *5 (S.D. Ga. Aug. 12, 2013). "For instance, when discounting a medical opinion, he should consider several factors, including the examining relationship, the treatment relationship, the doctor's specialization, whether the opinion is amply supported, and whether the opinion is consistent with the record." Id. (citing 20 C.F.R. §§ 404.1527(c), 416.927(c)). "[T]he ALJ must state with particularity the weight given to different medical opinions and the reasons therefor." Winschel, 631 F.3d at 1179 (citation omitted). Failure to "clearly articulate the reasons for giving less weight to the opinion of a treating physician" is "reversible error." Lewis, 125 F.3d at 1440 (citation omitted).

Here, the ALJ gave substantial weight to Dr. Patel's opinion regarding Plaintiff's diagnoses, as he gave his opinion "more" weight than that of the medical expert. (Doc. 14-2, p. 24). The ALJ also gave substantial weight to Dr. Patel's opinion that Plaintiff required the use of oxygen 24 hours a day. The ALJ limited the residual functional capacity assessment to include this restriction and tailored the vocational expert's hypothetical to the use of an oxygen tank 24 hours a day.

Plaintiff argues that Dr. Patel's opinion concerning Plaintiff's ability to perform at the levels indicated in the residual functional capacity assessment was given less weight than the findings in the assessment. (Doc. 20, p. 10). The ALJ articulated the reason why this opinion was not given substantial weight. The ALJ found that Dr. Patel's opinion, that Plaintiff cannot perform at the levels indicated in the assessment, was not completely supported. See Kelly v. Comm'r of Soc. Sec., 401 F. App'x 403,

AO 72A
(Rev. 8/82)

407 (11th Cir. 2010) ("the ALJ [clearly explained his reasons] when he explained that [the treating physician's] opinion depart[ed] substantially from the rest of the evidence of record and was without support from the other evidence of record.") (alteration in original). Substantial evidence supports the ALJ's determination that this opinion was not bolstered by the evidence.

First, Dr. Patel's opinion was not supported by the medical expert. The medical expert opined that he did not find any objectively documented conditions that would impact Plaintiff's residual functional capacity on or before December 31, 2005. (Doc. 14-2, p. 41).

Second, Plaintiff's own testimony contradicts and fails to bolster the opinion that he cannot perform the activities at the levels indicated in the residual functional capacity assessment. An "ALJ may reject any medical opinion if the evidence supports a contrary finding." Ward v. Astrue, 286 F. App'x 647, 648 (11th Cir. 2008) (citation omitted). "An ALJ need not give a treating physician's opinion considerable weight if the claimant's own testimony regarding her daily activities contradicts that opinion." Id. Plaintiff stated that he could lift about 20 or 30 pounds, but he was not sure because he was guessing. (Doc. 14-2, p. 73). He also stated that he could stand about 30 minutes and walk about 300 feet, could not come in contact with dust or strong chemicals, does not go outside when the weather is hot and humid, and has limited contact with others to avoid catching colds. Id. at 72-74. The residual functional capacity assessment was tailored to these limitations and abilities set forth by Plaintiff. Thus, Dr. Patel's opinion that Plaintiff cannot perform the tasks set forth in the assessment contradicts Plaintiff's testimony.

AO 72A
(Rev. 8/82)

Third, Plaintiff's statements describing his symptoms did not assist in bolstering Dr. Patel's opinion because the ALJ determined that his statements were not credible. "In order to establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part test showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002) (citation omitted). "If the ALJ discredits subjective testimony, he must articulate explicit and adequate reasons for doing so." Id. (citation omitted). "After considering a claimant's complaints of pain, the ALJ may reject them as not creditable, and that determination will be reviewed for substantial evidence." Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992) (citation omitted). "If the ALJ refused to credit subjective pain testimony where such testimony is critical, he must articulate specific reasons for questioning the claimant's credibility." Id. (citation omitted).

Plaintiff argues that there was no evidence to indicate that Dr. Patel or any other physician considered Plaintiff's reports of his symptoms as less than credible. The ALJ found "that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not credible to the extent they are inconsistent with the [ ] residual functional capacity assessment." (Doc. 14-2, p. 23). The ALJ articulated the reasons for discrediting Plaintiff's statements. The ALJ described the tests performed, the lack of aggressive

10

treatment, and Plaintiff's ability to testify at the hearing without problems. Id. at 23-24. In addition, the ALJ determined Plaintiff's statements as not credible only to the extent they are inconsistent with the limitations and abilities to which Plaintiff himself testified. This determination is supported by substantial evidence.

Dr. Patel's opinion that Plaintiff could not perform at the levels indicated in the assessment was not bolstered by the evidence. Therefore, good cause existed and the ALJ was not required to give this opinion substantial weight. The decision to give less than substantial weight to this opinion is supported by substantial evidence.

## II. Plaintiff's contention that the ALJ erred in not considering the effects Plaintiff's other impairments, especially his mental impairments, had on his ability to work.

Plaintiff asserts that the ALJ, on remand, dismissed Plaintiff's other impairments, including any consequence his mental impairments had on his ability to work. (Doc. 20, p. 13). Plaintiff argues that his mental impairments are well documented, and that the record is full of references to his loss of memory, confusion, and depression. Id. Plaintiff claims he had trouble answering simple questions during the initial hearing. Id. Plaintiff testified that he could not remember his own name at times, phone numbers, addresses or conversations he had. (Doc. 14-2, p. 78). Plaintiff asserts that Harrison C. Carter, M.D. ("Dr. Carter"), diagnosed him with attention deficit disorder and depression. Plaintiff also claims that A. Perry Streat, M.D. ("Dr. Streat") diagnosed him with chronic fatigue and chronic dizziness. (Doc. 20, p. 14). Plaintiff argues that the ALJ, in determining whether Plaintiff's impairments are of sufficient severity, should consider the combined effect of all of Plaintiff's impairments without regard to whether any one impairment could be of such severity. Id.

AO 72A
(Rev. 8/82)

Plaintiff must establish that he was under a disability between January 17, 2004 and December 31, 2005, the date last insured. Plaintiff's medical records, indicating Dr. Carter's diagnosis of attention deficit disorder and depression, are dated for the relevant time period including records from April 5, 2002, through August 2004. (Doc. 13-7, pp. 2-15). Plaintiff's medical records indicate that he received treatment from Dr. Streat who diagnosed him with fatigue and dizziness on June 13, 2005. Id. at 32.

In his decision, the ALJ stated:

> The claimant also testified that he has problems with memory since the inhalation of smoke and Freon, but this complaint is not documented in treatment records during the pertinent period. He also has some degenerative disc disease and takes pain medication but has had no aggressive treatment.

(Doc. 14-2, p. 24). The ALJ determined that the problems with memory following the inhalation of smoke and Freon were not documented in Plaintiff's medical records during the pertinent time but were expressed by Plaintiff in the 2007 hearing. Id. at 78. Plaintiff admits that he cannot remember if these memory problems or mental problems began prior to December 31, 2005. Id. Therefore, the ALJ could not determine whether this condition should be included to determine whether Plaintiff suffered from a severe impairment. Nevertheless, the ALJ did tailor the residual functional capacity assessment by limiting the task to repetitive short cycles and by also indicating that there was no evidence in the record indicating that Plaintiff's memory problems would interfere with such tasks. Id. at 26. In addition, the ALJ considered Plaintiff's films of the cervical spine, MRI, and the treating physician's notes concerning degenerative disc disease and degenerative joint disease in determining Plaintiff's impairments. Id. at 22.

AO 72A
(Rev. 8/82)

However, there is no indication in the ALJ's decision that he considered Plaintiff's impairments of fatigue, depression, dizziness,[1] or attention deficit disorder. Defendant failed to address this argument. In his initial appeal to this Court, which was later remanded, Plaintiff argued that the ALJ failed to consider these mental impairments. (5:08-cv-00081, Doc. 13, p. 11). Therefore, this is not new evidence submitted for the first time on this appeal.

In determining whether a claimant's physical and mental impairments are severe, the ALJ must consider the combined effect of all the claimant's impairments, "without regard to whether any such impairment, if considered separately, would be of such severity;" and if the ALJ finds a severe combination of impairments, the ALJ must consider the combined impact of the impairments "throughout the disability determination process." 42 U.S.C. § 423(d)(2)(B). "At step two the ALJ must determine if the claimant has any severe impairment. This step acts as a filter. [T]he finding of any severe impairment, whether . . . it qualifies as a disability and whether . . . it results from a single severe impairment or a combination of impairments that together qualify as severe, is enough to satisfy the requirement of step two." Jamison v. Bowen, 814 F.2d 585, 588 (11th Cir. 1987). "At step three the ALJ must determine if the applicant has a severe impairment or a combination of impairments, whether severe or not, that qualify as a disability. The ALJ must consider the applicant's medical condition taken as a whole." Id. "[T]he ALJ should consider each impairment singularly and in combination to determine disability." Gibson v. Heckler, 779 F.2d 619, 623 (11th Cir. 1986).

---

[1] The Court cannot determine whether the physician indicated that such conditions were "chronic" as asserted by Plaintiff.

Although the record demonstrates diagnoses of depression, dizziness, attention deficit disorder, and fatigue, the ALJ made no reference to the evidence that Plaintiff suffers from these conditions. The ALJ's decision does not demonstrate that he addressed Plaintiff's alleged mental conditions. The record is absent of any finding as to whether any of these impairments constitute a severe impairment or whether a combination of impairments—including these alleged mental conditions—qualified as severe. The "ALJ also failed to state the weight accorded each item of impairment evidence and the reasons for his decisions on such evidence." Gibson, 799 F.2d. at 623. Thus, the Court is unable to determine if the ALJ, at any step, considered Plaintiff's entire medical condition.[2] See Jamison, 814 F.2d at 588. Consequently, the Court cannot determine whether the ALJ's conclusion that Plaintiff is not disabled is supported by substantial evidence.

Accordingly, this case should be remanded for the ALJ to consider each and every impairment alleged by Plaintiff—including depression, dizziness, fatigue, and attention deficit disorder—singularly and in combination.

---

[2] The Transcript in the present case is not complete as it does not include all the exhibits listed in the Court Transcript Index (Doc. 13-1). Most importantly, it excluded Exhibit 6F (medical records from April 25, 2001 to November 10, 2005). In the event this case is again appealed to this Court, the Commissioner must submit the entire transcript.

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that this case be **REMANDED** to the Commissioner, pursuant to sentence four of 42 U.S.C. § 405(g), for further proceedings consistent with this opinion.

**SO REPORTED** and **RECOMMENDED**, this 7th day of February, 2014.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)